UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARMEN COPELAND,

                    Plaintiff,

          v.

CITY OF CAMAS,

                    Defendant.

Case No. C19-5935-BHS-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court upon Defendant's motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(4) and (6). (Dkt. # 6.) Defendant removed this action from Clark County Superior Court on October 2, 2019. (Dkt. # 1.) On October 16, 2019, Defendant filed the instant motion to dismiss, arguing that Plaintiff's complaint suffers from numerous deficiencies, including failure to state a claim upon which relief can be granted and insufficient service of process, which should result in dismissal of this action. (*Id.*) Plaintiff, who is proceeding *pro se*, has failed to oppose the motion. For the reasons set forth below, the Court recommends that Defendant's unopposed motion to dismiss (dkt. # 6) be GRANTED, and this action be DISMISSED with prejudice.

## II.     DISCUSSION

A.  Legal Standard Governing Defendant's Motion to Dismiss

*Pro se* litigants must follow the same rules of procedure that govern other litigants, including the Federal Rules of Civil Procedure and the local rules of this district. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Although Plaintiff's *pro se* pleadings are held to a "less stringent standard than formal pleadings drafted by lawyers," he still must meet the requirements of the rules. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, the court must accept as true all "well-pleaded factual allegations" in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010). The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). As the Supreme Court said in *Iqbal,* a complaint must do more than tender "'naked

assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

B.  Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted

Plaintiff's complaint purports to allege a "federal question" such as "housing, land, taxes on land, housing, other taxes, emigration, [U.S.] laws transferred changed during emigration proces[s] undisclosed with big loss for me." (Dkt. # 1 at 1.) Plaintiff asserts that Defendant owes Plaintiff a sum of $12 million dollars due to the fact that Defendant "contributed knowingly to loss of my land, property, income, years of charges, additional to my loss, never replaced by the U.S. Government involved parties[.]" (*Id*. at 2.) Plaintiff states, "I'll never request anything due [to] my foreign status, unknown process to me and my loss of health and [possible] loss of life." (*Id*.)

Defendant contends that Plaintiff's complaint suffers from numerous deficiencies, including (1) failure to state a claim upon which relief can be granted, (2) failure to submit proof of proper service on the City of Camas, and (3) failure to comply with Washington's tort claim statute to the extent she is seeking to advance state law claims in this action. (Dkt. # 6.)

Defendant is correct that Plaintiff has failed to state a claim upon which relief can be granted. As noted above, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility if a court can draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true. *Id*. at 545.

No specific causes of action are identifiable in Plaintiff's complaint. (Dkt. # 1.)[1] As a result, Plaintiff's complaint does not allege facts that support any claim against the City of Camas. Accordingly, the Court recommends that Defendant's motion to dismiss this action pursuant to Rule 12(b)(6) be granted for failure to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.[2]

### III.   CONCLUSION

For the reasons discussed above, the Court recommends that Defendant's motion to dismiss (dkt. # 6) be GRANTED, and this case be DISMISSED for failure to state a claim upon which relief can be granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **Friday, December 27, 2019**.

//

//

---

[1] Although Plaintiff writes in the caption of the complaint that the matter relates to "negligence," Plaintiff has not included any facts or discussion to support such a claim. (Dkt. # 1 at 1.)

[2] Although Defendant argues that this matter should also be dismissed pursuant to Rule 12(b)(4) due to insufficient service of process on the City of Camas, Defendant has not provided any evidence, such as a declaration, to support this assertion. (Dkt. # 6 at 3.) Because the Court is dismissing Plaintiff's case on other grounds, it is unnecessary for the Court to reach this alternative argument.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Benjamin H. Settle.

Dated this 6th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5